# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: November 6, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| JOEL GRECO, | * | UNPUBLISHED |
|                Petitioner, | * | No. 20-1932V |
| v. | * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
|                Respondent. | * | |
| * * * * * * * * * * * * * * * * * | | |

<u>Nancy Routh Meyers</u>, Turning Point Litigation, Greensboro, NC for Petitioner.
<u>Meghan Murphy</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 21, 2020, Joel Greco ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination he received on September 28, 2018. Petition at Preamble (ECF No. 1). On October 28, 2022, Petitioner filed an amended petition alleging that he suffered a Table injury of brachial neuritis as a result of the Tdap vaccine administered on September 28, 2018. Amended ("Am.") Petition at ¶ 18 (ECF No. 28). On December 29, 2022, the undersigned issued a ruling on entitlement, finding Petitioner entitled to compensation.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 <u>et seq.</u> (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Ruling on Entitlement dated Dec. 29, 2022 (ECF No. 31).  The undersigned issued a damages decision April 4, 2024.  Damages Decision dated Apr. 4, 2024 (ECF No. 52).

On June 28, 2024, Petitioner filed a motion for attorneys' fees and costs.  Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Mot."), filed June 28, 2024 (ECF No. 57).  Petitioner requests compensation in the amount of $109,095.87, representing $107,585.50 in attorneys' fees and $1,510.37 in costs.  Id. at 1, 20-21.  Pursuant to General Order No. 9, Petitioner warrants that he has not personally incurred any costs in pursuit of his claim for compensation.  Id.  Respondent filed his response on July 12, 2024, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed July 12, 2024, at 2 (ECF No. 58).  Petitioner filed a reply on July 12, 2024 stating Petitioner "concurs with Respondent's recommendation that Special Master Dorsey exercise her discretion and determine a reasonable award for attorney's fees and costs in this case."  Pet. Reply to Resp. Response, filed July 12, 2024, at 1 (ECF No. 59).  The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $107,251.87.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  In this case, because Petitioner was awarded compensation pursuant to a damages decision, he is entitled to a final award of reasonable attorneys' fees and costs.

   A.   **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is

"well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i.     Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of his counsel: for Ms. Nancy Meyers, $400.00 per hour for work performed in 2020, $430.00 per hour for work performed in 2021, $460.00 per hour for work performed in 2022, $490.00 per hour for work performed in 2023, and $530.00 per hour for work performed in 2024; and for Mr. L. Cooper Harrell, $430.00 per hour for work performed in 2022, $460.00 per hour for work performed in 2023, and $490.00 per hour for work performed in 2024.[3]  Petitioner also requests rates between $150.00 and $180.00 per hour for work of his counsel's paralegals from 2020 to 2024.  The undersigned finds these rates consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

### ii.    Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioner bears the burden of documenting the fees and costs claimed.  Rodriguez, 2009 WL 2568468 at *8.

---

[3] Mr. Harrell billed at a lower rate for 0.4 hours of work performed in 2024 compared to other cases.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable. However, the undersigned finds a small reduction necessary.

First, Mr. Harrell travelled a total of 6.8 hours to visit Petitioner in March 2022 and did not bill at half his rate for the travel. This results in a reduction of $1,462.00.[4]

Second, Petitioner's counsel's paralegal billed $382.00 for filing, which is a noncompensable task.[5] See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Thus, the undersigned will further reduce Petitioner's fees by $382.00, for a total reduction of $1,844.00.[6]

### B.     Attorneys' Costs

Petitioner requests a total of $1,510.37 in attorneys' costs. This amount is comprised of acquiring medical records, the filing fee, shipping costs, legal research, and travel to visit Petitioner in March 2022. The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation and will award them in full.

## II.     CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $107,585.50 |
|---|---|
| (Total Reduction from Billing Hours) | -$1,844.00 |
| **Total Attorneys' Fees Awarded** | **$105,741.50** |
|  |  |
| Attorneys' Costs Requested | $1,510.37 |
| (Reduction of Costs) | -$0.00 |
| **Total Attorneys' Costs Awarded** | **$1,510.37** |
|  |  |
| **Total Attorneys' Fees and Costs Awarded** | **$107,251.87** |

**Accordingly, the undersigned awards $107,251.87 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Nancy Meyers.**

---

[4] 6.8 hours x ($430.00 x 0.5) = $1,462.00.

[5] For example, see entries dated December 21, 2020 (filing petition, civil cover sheet, and exhibit list) and December 23, 2020 (filing notice of intent to file on compact disc). Pet. Mot. at 6.

[6] $1,462.00 + $382.00 = $1,844.00.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[7]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.